**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GILBERTO MENDOZA CALMO,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-71079

Agency No. A089-650-648

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Gilberto Mendoza Calmo, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and review de novo due process claims, *Hartooni v. INS*, 21 F.3d 336, 339 (9th Cir. 1994). We deny the petition for review.

With respect to Mendoza Calmo's claim of mistreatment by gang members, substantial evidence supports the agency's adverse credibility determination based on inconsistencies regarding the timing and number of times gang members physically harmed him. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding was reasonable under the totality of circumstances). We reject Mendoza-Calmo's contention that interpretation problems are to blame for the agency's adverse credibility finding because the record does not support it, and reject his related due process claim. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on a due process claim); *Hartooni*, 21 F.3d at 339-40 (petitioner failed to show there were interpretation problems that affected the outcome of her proceedings). Substantial evidence supports the agency finding that, with respect the remainder of Mendoza Calmo's claim, his experiences in Guatemala did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (a three-day detention and beating did not compel a

13-71079

finding of past persecution).  Substantial evidence also supports the agency's determination that Mendoza Calmo failed to establish a well-founded fear of future persecution.  *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative).  Thus, Mendoza Calmo's asylum claim fails.

Because Mendoza Calmo failed to establish eligibility for asylum, his withholding of removal claim necessarily fails.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of Mendoza Calmo's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**